IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMON REESE, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 3:22-cv-00750-N (BT) |
| | § | No. 3:19-cr-00282-N-1 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Demon Reese, a state prisoner concurrently serving a federal sentence, filed a *pro se* civil rights complaint claiming he was wrongfully convicted and seeking immediate release from incarceration on his federal conviction. *See* Resp. 3 (ECF No. 8) ("I want the 94 months Federal Prison sentence dismissed!); *id.* 5 ("At my Federal Sentencing I received 94 mths [sic] . . . for a crime I did not commit[.]"). Because Reese is attacking his federal conviction and/or sentence, and that case is pending on appeal, the Court should construe his filing as a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 and dismiss it without prejudice. The Court should open a new prisoner civil rights case for his claims under 42 U.S.C. § 1983.

I.

Reese initiated this civil action using a prisoner's civil rights complaint form. Compl. (ECF No. 3). After reviewing the complaint, the Court issued a Magistrate Judge's Questionnaire seeking additional information about his lawsuit. In his Response to the Questionnaire (ECF No. 8), Reese explained that he was convicted in this Court on September 27, 2021, and he received a sentence of 94 months' imprisonment. *See United States v. Reese*, Case Number 3:19-cr-00282-N. Reese further states that he is currently being held at the Dallas County Jail on a charge for aggravated assault against a public servant and that his "Federal Time is still Running." Resp. 1 (ECF No. 8). Reese argues that several errors occurred in connection with his federal conviction and sentence, including:

(1) Dallas Police Officer Triston Robertson said he saw Reese shoot at him;

(2) Reese had a gun powder residue specialist testify on his behalf, and she testified that she did not detect any gun powder residue;

(3) Officer Robertson took the stand at his federal sentencing and provided "false testimony";

(4) Officer Robertson failed to do a police report or a walk-through of the incident; and

(5) The only evidence demonstrates that Officer Robertson shot at him.

*Id.* 2.

The record in Reese's federal criminal case reflects that he pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On September 27, 2021, the District Court sentenced him to 94 months' imprisonment and ordered that his federal sentence run concurrent to any sentence imposed in Case Numbers F-1952434 pending in 194th Judicial District Court of Dallas, Texas and Case Numbers MA1952865 and MB1952866 pending in Dallas County Criminal Court 5 in Dallas County, Texas. Reese appealed his federal conviction and sentence to the Fifth Circuit Court of Appeals, and his case remains pending there.

## II.

Although Reese initiated this action using a form *pro se* prisoner civil rights complaint form, the gravamen of his action is an attack on his federal conviction and sentence. As such, the Court should construe his complaint as a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 and dismiss it without prejudice because his criminal appeal is pending.

"[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988) (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972)); *see also United States v. Puente*, 2009 WL 762392, at *1 (N.D. Tex. Feb. 27, 2009) (finding the § 2255 motion was filed while the criminal case was pending on appeal and concluding "[i]t plainly appears from the face of the motion and the record of prior proceedings that

defendant is not entitled to post-conviction relief at this time"), *rec. adopted,* 2009 WL 762390 (N.D. Tex. Mar. 23, 2009); *Canales v. United States*, 2007 WL 646189 at * 1 (N.D. Tex. Feb. 28, 2007) (a defendant may not seek post-conviction relief while his direct appeal is pending); *United States v. Norwood*, 2006 WL 3350207, at *1 (N.D. Tex. Nov. 15, 2006) (dismissing the § 2255 motion as "premature" where the direct appeal was pending); *Risby v. Wendt,* 2004 WL 828067 at *5 (N.D. Tex. Apr. 15, 2004) (construing application for writ of habeas corpus as a § 2255 motion and dismissing the case without prejudice because the underlying criminal conviction was on appeal)*, rec. adopted,* 2004 WL 937013 (N.D. Tex. Apr.29, 2004). The orderly administration of criminal law generally precludes a court from considering a § 2255 motion when an appeal is pending in the criminal case. *Woollard v. United States*, 416 F.2d 50, 51 (5th Cir. 1968). When a movant files a § 2255 motion while his criminal case is on direct appeal, the Court should dismiss his § 2255 motion without prejudice to refiling it after the resolution of his direct appeal. *See United States v. Fantozzi*, 90 F. App'x 73, 74 (5th Cir. 2004) (per curiam).

Reese's criminal case is presently on appeal in the Fifth Circuit. The Court therefore has no subject matter jurisdiction over his § 2255 motion. *See Canales,* 2007 WL 646189, at *1-2. Consequently, the Court should dismiss his § 2255 motion without prejudice.

III.

Reese includes other claims in his filings that suggest he intends to bring a civil rights action under 42 U.S.C. § 1983. Specifically, he claims that Officer Robertson, Officer Cecile Cromartie, Officer Nathan Forman, Officer Edwin Saenz, and the supervisor of the Dallas Police Department made false accusations against him and covered up a rookie officer's mistake by "lying on [him]." Compl. 3 (ECF No. 3). Reese further claims that he is entitled to $10 million for the pain and suffering he has endured as a result of these violations. *Id.* at 4. Finally, Reese claims that he is also entitled to monetary compensation for the time he has been incarcerated awaiting trial. Resp. 3 (ECF No. 8).

"[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Hilliard v. Bd. Of Pardons and Paroles,* 759 F.2d 1190, 1192 (5th Cir. 1985) (quoting *Irving v. Thigpen,* 732 F.2d 1215, 1216 (5th Cir. 1984)). When a favorable determination of the prisoner's claims would not automatically entitle him to accelerated release, the suit should be analyzed as a civil rights claim. *Orellana,* 65 F.3d at 31. Here, Reese's civil rights claims will be severed from his § 2255 habeas action.

5

IV.

The Court recommends that this action be construed as filed under § 2255 and DISMISSED without prejudice.

Additionally, the Court SEVERS Reese's civil claims from this habeas action filed under § 2255 and directs the Clerk of Court to open a new civil rights case (nature of suit 550) for the now-severed claims and file a copy of this order in that case. ECF Nos. 3 and 8 should be docketed in the new case, and the new case should be assigned to the same District Judge and Magistrate Judge as this habeas case. Finally, all future pleadings related to the severed civil rights matter should be filed in the new case.

**SO RECOMMENDED**

Signed May 4, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).